# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Hazel Peek O'Toole et al.

v.

Christopher L. Peek et al.

June 10, 1997

Case No. CH96-627

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this chancery suit, the defendants demand trial by jury, and the plaintiffs contend that the parties are not entitled to a jury trial.

According to the bill of complaint, Timothy M. O'Toole, one of the plaintiffs, is a grandson of Lois L. Peek, one of the defendants. In 1993, O'Toole agreed to build a house, at cost, for his grandmother in exchange for her promise to devise the property to her three children, in equal shares, upon her death. O'Toole constructed the house on land owned by Peek, and she occupied the residence. However, in 1996, Peek conveyed the property by deed of gift to her son and another grandson, the other defendants.

Consequently, Peek's other two children, as well as O'Toole, instituted this suit to have a constructive trust imposed upon the property and for other relief. The defendants responded by answer denying the existence of an agreement as alleged in the bill of complaint.

On June 2, 1997, the parties appeared by counsel and asked the court to schedule the case for trial. The defendants demanded a jury; the plaintiffs contended that this is not a proper case for a jury trial. Both counsel submitted memoranda.

Juries are rarely used in chancery, but they are available under limited circumstances. One leading authority on civil procedure lists five instances in which juries may be utilized in equity suits in Virginia. See Bryson, *Handbook on Virginia Civil Procedure*, pp. 314 et seq. (2d ed. 1989).

First, parties have a statutory right to a common law jury in suits to remove clouds on title. Virginia Code § 55-153.

Second, parties have a right to trial by jury in suits to impeach or establish wills. Virginia Code § 64.1-88.

Third, a common law jury is available in some circumstances to determine who is entitled to proceeds of a judicial sale. Virginia Code § 8.01-107.

Fourth, if a defendant in a chancery suit responds by means of a plea and the plea is denied by the plaintiff, either party can demand trial by jury on the issue raised in the plea. Virginia Code § 8.01-336(D).

Finally, the most recognizable form of jury trial in equity is the "issue out of chancery." This procedure, now codified in Virginia Code § 8.01-336(E), was used by English equity judges where the testimony was so conflicting, or the circumstances of the case were otherwise such, that there was doubt as to the truth of a particular material fact. In such cases, the chancellor may empanel a jury "in aid of his conscience." Lile, *Equity Pleading and Practice*, § 254 (1952).

Obviously, the first three provisions for jury trials in equity are inapposite.

The defendants focus on the fourth provision. However, the court is of the opinion that the defendants are not entitled to a jury trial under § 8.01-336(D) because they have not filed a plea to the plaintiff's equitable claims.

A plea in equity is a discrete form of defensive pleading. As distinguished from an answer, it does not address the merits of the issues raised by the bill of complaint. A plea alleges a single state of facts which, if proven, constitutes an absolute defense to the claim. See *Nelms v. Nelms*, 236 Va. 281 (1988). Familiar illustrations of a plea are: the statute of limitations; infancy; bona fide purchaser; denial of an essential jurisdictional fact; res judicata; usury. See Lile, *supra*, § 199.

Here, the defendants filed a general answer. Neither in form nor substance is that responsive pleading a "plea."

Alternatively, the defendants ask the court to exercise its discretion and order an issue out of chancery. In accordance with § 8.01-336(E), the defendants have submitted an affidavit stating that the case will be rendered doubtful by conflicting evidence.

Based on the pleadings, the affidavit, and representations of counsel at the June 2d hearing, it is clear that the case primarily hinges upon the credibility of witnesses regarding the existence of an oral agreement to devise real estate. The evidence will come primarily from family members who will dispute whether Peek promised to devise her land equally to her three children in exchange for O'Toole's construction of a house for her at his cost.

Ordinarily, the judge (sometimes aided by a commissioner in chancery who conducts an evidentiary hearing) can determine a contested chancery suit even when the evidence is contradictory. The use of an issue out of chancery is not a routine matter. In this case, however, it appears that the conflict will be great and the circumstances are otherwise such (i.e., family members disputing the existence of an oral agreement) that the chancellor would be appropriately aided by an issue out of chancery. Therefore, the court grants the defendants' motion for an issue out of chancery under § 8.01-336(E).

The court emphasizes that an issue out of chancery does not give rise to a trial by common law jury. This jury will be an advisory panel only, and the pertinent question or questions will be submitted by interrogatories. The verdict will be rendered "to inform the official conscience of the judge." *See* Bryson, *supra*, p. 315.

Within thirty days after the case is set for trial, Mr. Gardner will draft the proposed interrogatory/interrogatories. If counsel cannot agree, the court will prepare the final version to be submitted to the jury.

For the reasons stated, the court will empanel an advisory jury under § 8.01-336(E) to render a verdict on interrogatories submitted.